
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHARLES EDWARD JACKSON,<br><br>Defendant/Movant. | Cause No. CR 12-20-GF-SEH<br>CV 13-90-GF-SEH<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On October 25, 2013, Defendant/Movant Jackson ("Jackson") moved to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Jackson is a federal prisoner proceeding pro se.

## I. Preliminary Review

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an

1

unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings. Review has been undertaken and completed.

## II. Background

On March 7, 2012, Jackson was indicted on two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Count 1 alleged possession of a Taurus .357 revolver on or about October 2, 2011. Count 2 alleged possession of a Beretta 9 mm handgun on or about January 25, 2012. There was a forfeiture count as well. Indictment (Doc. 1) at 2-3. Counts 1 and 2 carried a ten-year maximum penalty. 18 U.S.C. § 924(a)(2). Assistant Federal Defender Evangelo Arvanetes was appointed to represent Jackson. Order (Doc. 7).

On March 23, 2012, a fully executed plea agreement was filed. On March 29, 2012, a change of plea hearing was held. Jackson pled guilty in open court to Count 1 of the Indictment. Minutes (Doc. 23).

A presentence report was prepared. Because Jackson had previously been convicted of a felony crime of violence, the base offense level was 20. U.S.S.G. § 2K2.1(a)(4). A four-level enhancement applied because Jackson possessed the revolver in connection with another felony offense, namely, assault, *id.* § 2K2.1(b)(6)(B). A three-level reduction for acceptance of responsibility was granted, *id.* § 3E1.1(a), (b). The total offense level was 21. The criminal history

category was IV. The advisory guideline range was 57-71 months. The Court found "the guidelines simply aren't adequate to address the severity of the crime . . . and to fully address" Jackson's "extensive history of violence . . . this four-time-repeated possession of guns in connection with criminal activity, the danger that [Jackson] presents to the community, and the strong likelihood" of recidivism. A sentence of 96 months in prison, to be followed by a three-year term of supervised release, was imposed. Sentencing Tr. (Doc. 45) at 18:3-19:10; Judgment (Doc. 37) at 2-3.

Jackson appealed, challenging the sentence. In his reply brief, counsel asserted the United States breached the plea agreement. The Court of Appeals declined to hear that argument because it had not been presented in the opening brief. Jackson's sentence was affirmed. *United States v. Jackson*, No. 12-30232 (9th Cir. May 20, 2013) (Doc. 47) (unpublished mem. disp.). Jackson filed a petition for writ of *certiorari* in the United States Supreme Court. It was denied on October 7, 2013. *See* Letter (Doc. 54). Jackson timely filed this § 2255 motion on October 21, 2013. Mot. § 2255 (Doc. 55) at 13; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

### III. Jackson's Claims and Analysis

Jackson's claims are reorganized here. All are addressed.

### A. Breach of the Plea Agreement

Jackson contends the United States breached the plea agreement. Mem. in Supp. of § 2255 Mot. (Doc. 57) ("Mem.") at 4-7. At sentencing, after the United States stated its position on the sentence, defense counsel represented that "pursuant to the plea agreement, both parties agreed to recommend the guideline." Sentencing Tr. (Doc. 45) at 14:1-2. On appeal, too, defense counsel represented to the Court of Appeals that the United States made a "plea agreement with Jackson to advocate for a guideline range sentence." Reply Br. at 3, *United States v. Jackson*, No. 12-30232 (9th Cir. Dec. 10, 2012); *see also id.* at 7, 10. The plea agreement in fact contained no such requirement. Plea Agreement (Doc. 18), *passim*. Nor, for that matter, did the United States recommend a sentence outside the guidelines. (Sentencing Tr. at 14:1-10.) At the change of plea hearing, the United States' obligations under the agreement were accurately described. Change of Plea Tr. (Doc. 34) at 13:3-16:12.

Apparently influenced by counsel's incorrect statements, Jackson now contends that "after signing the Plea Agreement, the Government disregarded the plea agreement terms and recommended a four-point enhancement under Section 2K2.1 for Petitioner allegedly 'possessing a gun in connection with another felony.'" Mem. at 5. The parties agreed only that the United States would move to dismiss Count 2, would not pursue other charges, and would recommend the full

4

three-level departure under U.S.S.G. § 3E1.1 unless Jackson's sentence was enhanced under U.S.S.G. § 3C1.1 for obstruction of justice. Plea Agreement (Doc. 18) at 2-3 ¶ 3, 7 ¶ 6, 9 ¶ 9, 10 ¶ 12. The plea agreement did not require the United States to refrain from recommending application of U.S.S.G. § 2K2.1(b)(6) or any other enhancement. In fact, the agreement specifically provided that "[t]he parties reserve the right to make any other arguments at the time of sentencing." Plea Agreement at 7 ¶ 6.

Moreover, at the change of plea hearing, the parties specifically contemplated the prospect of a four-level enhancement in the guideline calculation for possession of a gun in connection with another felony offense. At that hearing, Jackson's counsel, referring to the United States' Offer of Proof, *see* Change of Plea Tr. at 21:4-25; *see also* Offer of Proof (Doc. 17) at 3 ¶¶ 1-4, "question[ed] with my client merely the subjective impression that [the gun] likely was fired toward the witness . . . and also that the officer believed that the shots were fired in their direction. . . . I just want to make the record clear that we would lodge our formal objections to that." Change of Plea Tr. at 23:11-19. Counsel admitted "it may in general have a sentencing impact, perhaps. There is an enhancement for . . . possessing a gun 'in connection with another felony.'" *Id.* at 24:3-7. The United States agreed Jackson's alleged firing of the gun could be relevant to the sentence. *Id.* at 24:20-24. Both parties agreed, correctly, that firing the gun was not an

5

element of the offense and the issue was not relevant to guilt and would be raised and addressed, if at all, at sentencing. *Id.* at 25:3-28:4. No statement by counsel for the United States, by defense counsel, or by the Court at the plea colloquy encouraged Jackson to believe the enhancement would not apply. *See United States v. Nelson*, 222 F.3d 545, 549 (9th Cir. 2000).

Jackson's claim that the United States breached the plea agreement is contradicted by the plain language of the agreement. This claim is denied.

### B. Ineffective Assistance of Counsel

Claims of ineffective assistance of trial counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Facts sufficient, if true, to support an inference that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, must have been alleged. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

#### 1. Failure to Object to Breach of Plea Agreement

Jackson asserts that counsel was ineffective because he failed to object to the United States' breach of the plea agreement. Mem. at 3-7. There was no breach. Any objection would have been fruitless. *Juan H. v. Allen*, 408 F.3d 1262, 1273

(9th Cir. 2005). Neither prong of the *Strickland* test is met. This claim is denied.

## 2. Misinformation About the Plea Agreement

Jackson claims that he "was informed by Counsel that if I accepted the government's plea offer, the government would dismiss count 2 of my indictment and as a result I would receive 37-46 months imprisonment." Mem. (Doc. 57) at 15 (Jackson Aff. at 1 ¶ 2).[1] Jackson does not claim counsel advised him he could not or would not be sentenced to more than 46 months. Moreover, Jackson clearly knew he could be sentenced to any term up to ten years, and that the plea agreement was not binding on the Court. *See* Change of Plea Tr. at 7:1-13, 9:6-23, 10:10-13:6. Consequently, the Court understands Jackson to allege, not that he relied on counsel's promise of a particular sentence – which is wholly incredible – but that counsel did not accurately predict the likely advisory guideline range or accurately represent the United States' obligations under the plea agreement.

To prevail on this claim, Jackson must allege facts sufficient to support an inference that counsel's advice about the plea agreement was "so incorrect and so

---

[1] To assist its screening of this claim, the Court ordered counsel to submit for *in camera* review "any and all correspondence, memoranda, or other documents in his possession pertaining to Jackson's choice between pleading guilty or going to trial, whether directed to or received from Jackson." Order (Doc. 58) at 2-3 ¶ 2(c). Counsel responded by submitting various materials on March 31, 2014. Jackson responded to counsel's submission on April 14, 2014. Counsel states that the letter of April 2, 2012, is the only written item in his possession relating to Jackson's choice between pleading guilty and going to trial. Notice (Doc. 63) at 1-2. The Court will consider the only document counsel submitted that is responsive to the Order – his letter to Jackson dated April 2, 2012 – and Jackson's response to it. Neither counsel's letter nor anything Jackson has said in connection with the § 2255 motion suggests any basis for Jackson to believe he *could not* be sentenced to more than 37-46 months.

7

insufficient that it undermined his ability to make an intelligent decision" about pleading guilty versus going to trial. *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992)). A "gross mischaracterization of the likely outcome" at sentencing, "combined with . . . erroneous advice on the possible effects of going to trial," may support a finding that a guilty plea was involuntary. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

Here, there was neither "gross mischaracterization" nor erroneous advice about the effects of going to trial. The four-level enhancement elevated the advisory guideline range from 37-46 months to 57-71 months. It was hardly a "gross" mischaracterization.[2] There is also some indication that counsel did, in fact, advise Jackson that a four-level enhancement might apply. *See* Letter April 2, 2012 (Doc. 61-3) at 1 (referring to anticipated guideline range with four-level

---

[2] *See, e.g., Womack v. Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007) (advice that pleading guilty is the "best chance" of receiving a 30- to 40-year sentence is not a "gross mischaracterization" merely because actual sentence was eight life terms); *United States v. Jeronimo*, 398 F.3d 1149, 1156 & n.4 (9th Cir. 2005) (recognizing that failure to advise of potential career offender enhancement could constitute gross mischaracterization of likely penalty range); *Iaea*, 800 F.2d at 863, 864-65 (counsel told defendant he "could almost not consider" prospect of extended sentence because he had a "good chance" of probation under the plea bargain, but defendant was sentenced to serve life plus fifty years in prison); *Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994) (superseded by statute on other grounds) (difference between three months and ten years is a "gross mischaracterization"); *United States v. Doganiere*, 914 F.2d 165, 168 (9th Cir. 1990) (holding, in a pre-Guidelines § 2255 case, difference between predicted twelve-year maximum and actual sentence of fifteen years, followed by twenty-year probationary term, did not "rise to the level of a gross mischaracterization of the likely outcome"); *United States v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989) (difference between predicted guideline maximum of 46 months and actual sentence of 57 months did not constitute ineffective assistance), *overruled on other grounds, United States v. Rodriguez-Razo*, 962 F.2d 1418, 1424-25 (9th Cir. 1992).

enhancement "as I previously calculated to be safe"). Although Jackson claims that neither counsel nor the United States told him that "sentencing enhancements would ensue after the government and I entered into a plea agreement," Mem. at 15 (Jackson Aff. at 1 ¶ 2), he heard the lengthy discussion at the change of plea hearing about the prospect of a sentencing enhancement based on Jackson's possession of the weapon "in connection with another felony offense." Change of Plea Tr. at 23:11-25:16, 27:19-28:4. Jackson had no basis for believing the enhancement, if any, would be favorable to him.[3]

The test for Jackson's claim that he "informed counsel that I would proceed to trial if not for the government's plea offer and sentence recommendation," Mem. at 15 (Jackson Aff. at 1 ¶ 2), is objective, not subjective, *Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985). Objectively, the four-level enhancement had no bearing whatever on Jackson's choice between pleading guilty and going to trial. Jackson had to choose between pleading guilty and earning a three-level reduction in his offense level, U.S.S.G. § 3E1.1, or taking his chances at trial. Had there been any realistic prospect of acquittal at trial, a genuine misunderstanding on Jackson's part that the United States was going to make a particular "sentence recommendation" in exchange for his guilty plea could have played a decisive role in his choice to

---

[3] Jackson had a criminal history category of IV, despite having 26 convictions that were not scored under the Guidelines and 27 more dismissed or deferred charges. He was no neophyte. *See* Presentence Report ¶¶ 33-95.

9

forego trial. The circumstances of the offense here suggest no such thing. While no one saw Jackson with the weapon, Jackson's girlfriend heard someone repeatedly working the action of a firearm, and she made a recording of it. She and a police officer both heard four gunshots fired. The only other person with access to the location where the gun was found was Jackson's mother. Jackson's fingerprint was on the gun. He had no gunshot residue on his hands, but there was residue on his face. Finally, Jackson admitted shooting a weapon two weeks before the incident with his girlfriend. Change of Plea Tr. at 21:4-23:1. Under these circumstances, a reasonable person is highly unlikely to choose to stand trial on a charge of being a felon in possession of a firearm.

The sentencing enhancement applied regardless of whether Jackson pled guilty or was convicted at trial, and, if he had been convicted at trial – as he almost certainly would have been – his offense level would not have been reduced by three levels. His advisory guideline range would have been 77-96 months, not 57-71 months.

Even if Jackson shared counsel's inexplicable misreading of the plea agreement, there is no reasonable probability that a reasonable person in Jackson's position would have chosen to go to trial. The facts of the case cannot support a finding of prejudice. This claim is denied.

### 3. Failure to Object to § 2K2.1 Enhancement

Jackson contends counsel was ineffective because he failed to object to the sufficiency of the evidence to support the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the gun in connection with another felony offense. Mem. at 8. The claim fails.

The evidence was sufficient to support the four-level enhancement. "[H]earsay is admissible at sentencing, so long as it is accompanied by some minimal indicia of reliability." *United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006). Jackson's girlfriend's statement, the recording she made, and Officer Green's statement each tended to corroborate the others. The four-level enhancement did not even come close to doubling the advisory guideline range. A clear-and-convincing standard was not required. *See United States v. Jordan*, 256 F.3d 922, 928 (9th Cir. 2001) (listing factors to consider in determining appropriate standard of proof); *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999).

Had counsel challenged the sufficiency of the evidence, the United States would have had the opportunity to call the witnesses and produce the recording. *See* Notice (Doc. 33) at 2. Jackson does not claim even now that the witnesses' statements were not reliable. Nor does he claim he could have produced any persuasive evidence to contradict the statements or the recording. Counsel frankly and correctly acknowledged at sentencing that he had no reasonable basis for

11

claiming the evidence was not sufficient. *See* Sentencing Tr. at 4:9-23. Further, Jackson was not prejudiced by counsel's failure to object, because an objection would have been overruled. *Juan H.*, 408 F.3d at 1273. Neither prong of the *Strickland* test is met. This claim is denied.

### 4. *Alleyne v. United States*

Finally, Jackson claims counsel was ineffective because he failed to include in the petition for writ of *certiorari* the argument later accepted by the Supreme Court in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013). Mem. at 10-14. *Alleyne*, however, does not apply to Jackson's case. The Court explained that its holding "does not mean that any fact which influences judicial discretion must be found by a jury." 133 S. Ct. at 2163. The guidelines are advisory because they influence, but do not cabin or control, judicial discretion. *See Booker v. United States*, 543 U.S. 220, 226 (2005) (invalidating two statutory provisions making sentencing guidelines mandatory). *Alleyne*, therefore, does not mean that factors elevating the advisory guideline calculation must be proven to a jury beyond a reasonable doubt or admitted in a plea colloquy. Neither prong of the *Strickland* or *Robbins* test is met. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding that *Strickland* standards apply to claims of ineffective assistance of appellate counsel). This claim is denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Jackson's claims meets the standard. His first three claims allege the United States breached the plea agreement, counsel was ineffective for failing to timely object to the breach, and counsel was ineffective in explaining to Jackson what the plea agreement meant. Counsel did indeed misrepresent at sentencing and on direct appeal that the plea agreement bound the United States in ways it plainly did not. The crux of Jackson's claim is that he thought the advisory guideline range or the recommended sentence would be 37-46 months, when in fact the United States was bound only to seek three points for acceptance of responsibility, and the advisory guideline range was 57-71 months rather than 37-46 months. But, even if Jackson correctly understood the terms of the agreement, and even if he knew to a

certainty that the advisory guideline range would be 57-71 months if he pled guilty, no reasonable person in his position would have chosen to go to trial. The evidence that he was a felon in possession of a firearm was overwhelmingly likely to result in his conviction at trial, and if that occurred, his advisory guideline range would have been 77-96 months. There is no substance to Jackson's attempt to show a constitutional violation in his first three claims.

Jackson's two remaining claims allege the evidence at sentencing was insufficient to support the four-level sentencing enhancement and that counsel should have made an argument on appeal along the lines of *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). The evidence was plainly sufficient to support the enhancement. Neither *Alleyne* nor a clear-and-convincing standard of proof applied.

Jackson's motion presents no open questions and no reason to encourage further proceedings. A certificate of appealability will be denied.

**ORDERED**:

1. Jackson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 55) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Jackson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 13-90-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Jackson.

DATED this 5th day of May, 2014.

Sam E. Haddon
United States District Court