

**FILED**

MAY 1 9 2014

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CHARLES EDWARD JACKSON,<br><br>Defendant/Movant. | Cause No. CR 12-20-GF-SEH<br>CV 13-90-GF-SEH<br><br>ORDER DENYING MOTION TO<br>RECONSIDER AND DENYING<br>CERTIFICATE OF APPEALABILITY |

On October 25, 2013, Defendant/Movant Jackson filed a motion to vacate,

set aside, or correct the sentence under 28 U.S.C. § 2255. Jackson is a federal

prisoner proceeding pro se.

On May 5, 2014, Jackson's motion and a certificate of appealability were

denied. On May 16, 2014, Jackson moved for reconsideration, asserting that the

plea agreement was indeed breached.

Jackson purports to seek reconsideration under Fed. R. Civ. P. 59(e). It does

not appear the Ninth Circuit has decided whether a Rule 59(e) motion may be

treated as a second or successive motion, in the way a motion under Fed. R. Civ. P.

60(b) would be, *see Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), or whether

a Rule 59(e) motion is more accurately characterized as a continuation of

proceedings on the first § 2255 motion. There is a circuit split on that issue.

*Compare, e.g., Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011); *Howard v.*

1

*United States*, 533 F.3d 472, 476 (6th Cir. 2008), *with United States v. Pedraza*, 466 F.3d 932, 933-34 (10th Cir. 2006); *Williams v. Norris*, 461 F.3d 999, 1004 (8th Cir. 2006).

If *Gonzalez* applies to motions under Rule 59(e), Jackson's motion asking the Court to decide again what it has already decided is a second or successive motion to vacate the criminal judgment under § 2255. *Gonzalez*, 545 U.S. at 532. Because Jackson has not obtained leave of the court of appeals to file the motion, *see* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A), the Court lacks jurisdiction to consider it, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

If *Gonzalez* does not apply and this Court has jurisdiction to decide the Rule 59(e) motion, the motion fails for lack of merit. Relief is available under Rule 59(e) if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001), *quoted in Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). Although Jackson claims the Court erred in denying an evidentiary hearing and in failing to find a breach of the plea agreement, the language of the agreement is clear and unambiguous. There was no breach.

Although reasonable jurists could and do disagree about how to apply Rule

59(e) in a habeas action, Jackson's claim does not make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), for the same reasons his initial § 2255 motion did not. *See* Order (Doc. 64) at 13-14. Consequently, a certificate of appealability is not warranted. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**ORDERED**:

1. Jackson's motion for reconsideration (Doc. 65) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Jackson files a Notice of Appeal.

DATED this ___19th___ day of May, 2014.

Sam E. Haddon
United States District Court