

DEC 1 9 2019

Clerk, U.S District Court
District Of Montana
Great Falls

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-20-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND**<br>**RECOMMENDATIONS** |
| vs. | |
| CHARLES EDWARD JACKSON, | |
| Defendant. | |

### I. Synopsis

Defendant Charles Edward Jackson (Jackson) has been accused of violating the conditions of his supervised release. Jackson admitted alleged violations 1, 2, 3, 5, 7 and 8. The Court dismissed alleged violations 4 and 6 on the government's motion. Jackson's supervised release should be revoked. Jackson should be placed in custody for 9 months, with 27 months of supervised release to follow. Jackson should receive credit for time served.

### II. Status

Jackson pleaded guilty to being a Felon in Possession of a Firearm on March 29, 2012. (Doc. 23). The Court sentenced Jackson to 96 months of custody, followed by 3 years of supervised release. (Doc. 37). Jackson's current

term of supervised release began on January 11, 2019.  (Doc. 75 at 1).

### Petition

The United States Probation Office filed a Second Amended Petition

requesting that the Court revoke Jackson's supervised release on July 10, 2019.

(Doc. 75).  The Second Amended Petition alleged that Jackson had violated the

conditions of his supervised release: 1) by consuming alcohol; 2) by using

amphetamine and methamphetamine; 3) by failing to report for substance abuse

treatment; 4) by failing to participate in substance abuse testing; 5) by failing to

report to his probation officer as directed; 6) by failing to notify his probation

officer of a change in residence; 7) by possessing a methamphetamine pipe; and

8) by possessing a pellet gun.

### Initial appearance

Jackson appeared before the undersigned for his initial appearance on

August 15, 2019.  Jackson was represented by counsel.  Jackson stated that he had

read the petition and that he understood the allegations.  Jackson waived his right

to a preliminary hearing.  The parties consented to proceed with the revocation

hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on August 15, 2019, and on

2

December 18, 2019. Jackson admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using amphetamine and methamphetamine; 3) by failing to report for substance abuse treatment; 4) by failing to report to his probation officer as directed; 5) by possessing a methamphetamine pipe; and 6) by possessing a pellet gun. The Court dismissed alleged violations 4 and 6 on the government's motion. The violations that Jackson admitted are serious and warrant revocation of Jackson's supervised release.

Jackson's violations are Grade C violations. Jackson's criminal history category is IV. Jackson's underlying offense is a Class C felony. Jackson could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.  Analysis

Jackson's supervised release should be revoked. Jackson should be incarcerated for 9 months, with 27 months of supervised release to follow. Jackson should receive credit for time served. This sentence is sufficient but not greater than necessary.

3

## IV.  Conclusion

The Court informed Jackson that the above sentence would be

recommended to United States District Judge Brian Morris.  The Court also

informed Jackson of his right to object to these Findings and Recommendations

within 14 days of their issuance.  The Court explained to Jackson that Judge

Morris would consider a timely objection before making a final determination on

whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Charles Edward Jackson violated the conditions of his supervised
> release by: consuming alcohol; by using amphetamine and
> methamphetamine; by failing to report for substance abuse treatment; by
> failing to report to his probation officer as directed; by possessing a
> methamphetamine pipe; and by possessing a pellet gun.

The Court **RECOMMENDS:**

> That the District Court revoke Jackson's supervised release
> and commit him to the custody of the United States Bureau of Prisons
> for 9 months, with 27 months of supervised release to follow.
> Jackson should receive credit for time served.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

4

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 19th day of December, 2019.

John Johnston
United States Magistrate Judge

5